```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA      :
                              :
                              :
v.                            :    CRIMINAL NO: 3:02CR300(AVC)
                              :
                              :
HERIBERTO BATIZ               :    March 28, 2005
```

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CORRECT SENTENCE

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files its response in opposition to defendant's motion to correct his sentence. As we demonstrate below, the defendant's motion is without merit and should be denied.

On March 11, 2004, defendant was sentenced to a term of 128 months imprisonment on his conviction to Count One of the indictment in this case. More than one year later, defendant has moved to correct his sentence contending that the court sentenced him to 120 months and that the judgment incorrectly reflects a 128 month sentence. Defendant's motion is factually and legally incorrect.

First, the court's oral pronouncement in court was that the defendant shall be incarcerated for a period of 128 months. This was calculated as follows: Defendant's base offense level was 34; three points were subtracted for acceptance of responsibility, resulting in a total offense level of 31. Under criminal history

category I, the defendant's sentencing guidelines range was determined to be 108 to 135 months.  However, because the offense carried a minimum mandatory sentence of 120 months, the defendant's guidelines range became 120 to 135 months.

The government's file reflects that the court sentenced defendant to 128 months imprisonment.  Counsel's notes, which are attached, further reflect that the court sentenced the defendant to 128 months to account for the defendant's false statements to the agents during a proffer session.  The court will recall that the defendant was questioned as to whether the agents seized all of the narcotics that he and his co-defendant possessed at the time of their arrest.  Defendant stated that all of the drugs were seized, which was a lie.  The government subsequently seized one kilogram of cocaine that the defendant had concealed in a storage locker on Ella Grasso Blvd.  Although the government requested a two-level adjustment based upon obstruction of justice, the court denied that request, but accounted for the defendant's false statement by sentencing him to 128 months rather than the minimum mandatory 120 months.

In any event, Rule 35(a) of the Federal Rules of Criminal Procedure requires that any motion to correct a sentence based on technical or arithmetic errors much be made within seven days of sentencing.  Since defendant's motion is filed more than one year after sentencing, the court has no jurisdiction to entertain the

motion.

    For the reasons set forth above, the Government respectfully requests that the defendant's motion be denied.

                                  Respectfully submitted,

                                  KEVIN J. O'CONNOR
                                UNITED STATES ATTORNEY

                                  /s/
                                MARK D. RUBINO
                                ASSISTANT UNITED STATES ATTORNEY
                                FEDERAL BAR NO. CT03496
                                UNITED STATES ATTORNEY'S OFFICE
                                157 Church Street
                                New Haven, CT 06510
                                (203) 821-3828

<u>CERTIFICATE OF SERVICE</u>

    This is to certify that a copy of the foregoing was forwarded by mail this 28th day of March 2005 to:

Jonathan J. Einhorn, Esq.
412 Orange Street
New Haven, Connecticut 06511

Keith Barry
U.S. Probation Office
Bridgeport, CT

                              _____/s/_____
                              MARK D. RUBINO
                              ASSISTANT UNITED STATES ATTORNEY