```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

United States of America     :
                             :
vs.                          :     Criminal No.
                             :     3:02CR00300(AVC)
                             :
Herbierto Batiz              :
```

**RULING ON MOTION TO CORRECT SENTENCE**

On February 6, 2003, the defendant, Herbierto Batiz, entered a plea of guilty to count one of the indictment in criminal number 3:02CR300(AVC) charging him with conspiracy to possess with in intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.  On March 11, 2004, the court sentenced Batiz.  On March 24, 2005, a year later, Batiz filed the within motion (document no. 82) to correct his sentence.  For the reasons set forth below, the motion is GRANTED.

Batiz argues that court sentenced him to a term of 120 months of imprisonment but that the judgment in this case incorrectly "indicates a term of imprisonment of 128 months." The government responds that the "defendant was sentenced to a term of 128 months imprisonment."  Furthermore, the government argues that the within motion is time-barred because pursuant to Fed. R. Crim. P. 35(a).[1]

---

[1] Federal Rule of Criminal Procedure 35(a), entitled "Correcting Clear Error," provides: "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical or other clear error." Fed. R. Crim. P. 35(a).

Despite the government's argument that the within motion is time-barred pursuant to Fed. R. Crim. P. 35, the government's reliance on Rule 35 is misplaced. Federal Rule of Criminal Procedure 36, not Rule 35, "is the appropriate remedy to make the judgment and commitment papers conform to the sentence pronounced orally." Wright, King & Kline, Federal Practice and Procedure 3d § 611 (2004). Rule 36 contains no time limitations. Specifically, Rule 36 provides: "After giving notice it considers appropriate, the court may *at any time* correct a *clerical error in a judgment* . . . arising from oversight or omission." Fed. R. Crim. P. 36 (emphasis added). Accordingly, the motion is not time-barred.

According to the Second Circuit Court of Appeals in United States v. Werber, 51 F.3d 342 (2d Cir. 1995), "Rule 36 authorizes a district judge, at any time, to amend the written judgment so that it conforms with the oral statement pronounced by the court." Id. at 347. Furthermore, "[i]t is the oral sentence which constitutes the judgment of the court, and which is the authority for the execution of the court's sentence. The written commitment order is mere evidence of such authority." Id. (quoting United States v. Marquez, 506 F.2d 620, 622 (2d Cir. 1974)).

Here, the court's oral pronouncement of the sentence and the sentence printed on the judgment are in conflict.  The transcript of the sentencing proceedings reflects that the court stated in open court that Batiz was to be committed to the Bureau of Prisons for "a term of 120 months to be followed by a period of supervised release of five years."[2]  In contrast, the judgment (document no.79) reflects a term of imprisonment of "One Hundred Twenty Eight (128) months."

The court's "oral sentence" of 120 months "constitutes the judgment of the court" and provides "authority for the execution of the court's sentence." United States v. Werber, 51 F.3d 342, 347 (2d Cir. 1995).  In light of the court's statement at sentencing, the court concludes that the sentence of one hundred and twenty-eight months (128) printed on the judgment in this case was the result of a clerical error arising from oversight.  Fed. R. Crim. P. 36. [3]

---

[2] The transcript reflects, in relevant part, that the court stated: "So you have a base offense level here of 34, it's decreased to a level of 31 for acceptance of responsibility.  A criminal history category of one, a guideline range of 108 to 135 months, which is in effect trumped by the mandatory minimum of 120 months mandated by this statute.  On February 6, 2003, this gentleman entered a plea of guilty to an indictment charging conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. Section 841(B)(1)(a) and 846 and a finding of guilty for this offense may therefore enter.  And taking into account the false statement made during the course of this investigation and for that reason the accused is committed to the bureau of prisons for **a term of 120 months** to be followed by a period of supervised release of five years."(emphasis added).

[3] Furthermore, the deputy clerk's docketed minutes from the sentencing are in keeping with the conclusion that the court sentenced Batiz to one hundred and twenty (120) months.  Specifically, the deputy clerk recorded that the court sentenced Batiz to "120 month(s) imprisonment." See document no.78.

**CONCLUSION**

The court sentenced Batiz to a term of imprisonment of one-hundred and twenty (120) months. Accordingly, the judgment shall be amended as set forth in the amendment to judgment issued this day.

It is so ordered this 24th day of May, 2005 at Hartford, Connecticut.

_____/s/AVC_____

Alfred V. Covello
United States District Judge