UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:02-CR-300(AVC) |
| | : | |
| v. | : | |
| | : | |
| HERIBERTO BATIZ | : | May 6, 2008 |

UNITED STATES OF AMERICA'S AMENDED OPPOSITION TO
DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE

The United States of America (the "United States") hereby respectfully opposes the

defendant's pro se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)

("Motion"). In sum, the United States opposes the Motion because the defendant was sentenced to

serve a mandatory minimum term of imprisonment imposed by statute, and therefore the recent

amendments to the federal sentencing guidelines with respect to cocaine base do not affect the

defendant's sentence. As grounds for this opposition, the United States says the following.

1. On February 6, 2003, the defendant entered a guilty plea to one count of conspiracy to

possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 846

and 841(b)(1)(A)(i). The relevant conduct embraced by the narcotics violation included 313.5 grams

of cocaine base, and 994.7 grams of cocaine. See Pre-Sentence Investigation Report ("PSR"), ¶15.

The defendant's sentencing guidelines range was calculated from an offense level of 36 and a

criminal history category of one, for a sentencing range of 188 to 235 months, that is, a range of

between 15 years 8 months and 19 years 7 months. PSR, ¶46.[1]  Because the offense conduct

_____

[1] Under the then-applicable sentencing guidelines manual, section 2D1.1(c)(2)
established a base offense level of 34 for an amount of cocaine base equal to at least 150 grams
but less than 500 grams. Using the marijuana conversion formulas to add the cocaine powder
yielded a total marijuana equivalency of 6,468.94 kg, which still resulted in a base offense level
of 34. PSR ¶20. The defendant received a 2-level upward adjustment for obstruction of justice,

involved at least 50 grams of cocaine base, the defendant also faced a statutory, minimum mandatory sentence of 10 years (120 months), under 21 U.S.C. § 841(b)(1)(A).

2.   On March 11, 2004, the Court sentenced the defendant, departing below the applicable sentencing guidelines range, and imposing the statutory, mandatory minimum sentence of 120 months.  The sentence also included a term of 5 years of supervised release and a $100 special assessment.  The initial Judgment & Commitment Order contained a clerical error that listed the prison term as 128 months.  However, the Court subsequently issued an amended judgment correcting that error, noting in an accompanying written ruling that the oral pronouncement of the original sentence had stated 120 months, not 128 months.  See Ruling on Motion to Correct Sentence, issued May 25, 2005.

3.   Amendment 706 to the sentencing guidelines, effective November 1, 2007, changed the drug quantity table and drug conversion formulas of section 2D1.1 with respect to cocaine base offenses, resulting in an across the board reduction of two levels for each of the cocaine base quantity categories.  Amendment 711 to the sentencing guidelines, effective March 3, 2008, made Amendment 706 retroactive.

4.   Amendments 706 and 711 to the sentencing guidelines do not affect the sentence in this case, because the defendant received a statutorily-imposed mandatory minimum term of imprisonment.  The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence.  Only a government motion pursuant to 18 U.S.C. § 3553(e) can furnish authority for a sentence below the statutory mandatory minimum.  See, e.g., United States v.

---

and hence received no downward adjustment for acceptance of responsibility, PSR ¶¶24, 26.  The resulting total offense level was 36.  PSR ¶27.  The defendant had one criminal history point, which placed him in criminal history category I.  PSR ¶30.

Richardson, 521 F.3d 249, ___ [2] (2d Cir. 2008) (departure below "statutory minimum . . . may only occur pursuant to a government motion made under 18 U.S.C. § 3553(e)").  No such motion was filed in the instant case.

5.   The Sentencing Commission has affirmed this legal position in application note 1(A) to guideline 1B1.10, which addresses reductions in terms of imprisonment resulting from amendments to guideline ranges. Application note 1(A) states that:

> . . . [A] reduction in the defendant's term of imprisonment is not authorized . . . if:
> . . . [a sentencing guideline] amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline *or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).*

(emphasis added).  Accordingly, as courts have consistently recognized, where a statutory mandatory minimum sentence is applicable the passage of a retroactive guideline amendment is irrelevant.  See, e.g.,United States v. Smartt, 129 F.3d 539, 542 (10th Cir. 1997); United States v. Eggersdorf, 126 F.3d 1318, 1320 (11th Cir. 1997); United States v. Mullanix, 99 F.3d 323, 324 (9th Cir. 1996); United States v. Marshall, 95 F.3d 700, 701 (8th Cir. 1996); United States v. Hanlin, 48 F.3d 121, 124-25 (3d Cir. 1995); United States v. Pardue, 36 F.3d 429 (5th Cir. 1994); United States v. Dimeo, 28 F.3d 240, 241 (1st Cir. 1994).  Courts have applied the same rule in addressing motions based on the crack amendments.  See, e.g., United States v. Goodman, 2008 WL 616100 (M.D. Fla. Mar. 3, 2008).

---

[2]  The amended opinion, issued March 20, 2008, is neither available in published F.3d reporters, nor correspondingly paginated on Westlaw.  The quoted text in the parenthetical is from p. 11 of the 12-page Westlaw printout.

6.    The defendant's <u>pro</u> <u>se</u> motion asserts that he was originally sentenced to serve 128 months, which sentence "was greater than the mandatory minimum . . . ." Motion at 2. This assertion is incorrect, as the Court made clear in its May 25, 2005, Ruling on Motion to Correct Sentence.  As discussed above, the original sentence was 120 months of imprisonment, but the original Judgment & Commitment Order contained a clerical error listing the term as 128 months. The Court later corrected that error in its Ruling on Motion to Correct Sentence, which clarified that the defendant's original sentence of incarceration was the statutory mandatory minimum of 120 months.

WHEREFORE, the defendant's Motion should be denied.

Respectfully submitted

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY


/s/
HENRY K. KOPEL
ASSISTANT UNITED STATES ATTORNEY
Fed. Bar No. ct24829
157 Church Street, 23d Floor
New Haven, CT  06510
(203) 821-3700

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2008, I caused a copy of the foregoing to be sent by first-class mail, postage prepaid, to Jonathan Einhorn, Esq., counsel for defendant, and to U.S. Probation officer Megan N. Chester at the following addresses:

Jonathan Einhorn, Esq.
412 Orange Street
New Haven, CT 065111-6400

Ms. Megan N. Chester
U.S. Probation Officer
157 Church Street, 22d Floor
New Haven, CT 06510


/s/
Assistant U.S. Attorney