UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
UNITED STATES OF AMERICA     :
                             :
v.                           :    Criminal No.
                             :    3:02CR00300(AVC)
HERIBERTO BATIZ              :
```

### RULING ON MOTION TO REDUCE TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)

On March 11, 2004, this court sentenced the defendant, Heriberto Batiz, to a term of imprisonment of 120 months.[1]  On January 29, 2008, the defendant, pro se, filed a motion to reduce his sentence pursuant to 18 U.S.C. 3582(c)(2), based upon the retroactive application of the crack cocaine amendment to the Sentencing Guidelines that became effective November 1, 2007.  On April 28, 2008, the defendant's counsel also filed a motion to reduce sentence, on the same grounds.

Pursuant to 18 U.S.C. § 3582(c)(2); Amendment 706 in Appendix C to the U.S. Sentencing Guidelines Manual, providing for a lower guidelines sentencing range for certain offenses involving crack cocaine; and the policy statement contained in Guidelines § 1B1.10, the application notes thereto, and all other applicable policy statements issued by the Sentencing Commission; the defendant's motions to reduce his sentence (**document nos. 86**

---

[1] Although the original judgment reflected a sentence of 128 months, this was a clerical error that was later corrected to reflect the imposed sentence of 120 months.  See the court's order (document no. 84) granting the defendant's motion to correct sentence, and the amended judgment (document no. 85).

**and 92**) are **DENIED,** for the reasons stated below.

The defendant's previously determined sentencing range, based upon an offense level of 31 and a criminal history category of I, was 108 to 135 months. The court sentenced the defendant to the statutory mandatory minimum term of 120 months (ten years).

The defendant now requests an unspecified reduction, pursuant to 18 U.S.C. § 3582 and the amendments to the sentencing guidelines governing crack cocaine offenses. The government opposes a reduction of sentence "because the defendant was sentenced to serve a mandatory minimum term of imprisonment by statute, and therefore the recent amendments to the federal sentencing guidelines . . . do not affect the defendant's sentence."

The court agrees with the government's position. A reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) is "not authorized . . . [if] the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." Guidelines § 1B1.10(a)(2)(B) and Application Note 1(A).

Because the defendant was sentenced to the statutory mandatory minimum term of ten years (120 months), a reduction under Amendment 706 would not have the effect of lowering the

defendant's guideline range.  Thus, the defendant is not eligible for the requested reduction.  The defendant's motions are therefore DENIED.

It is SO ORDERED this 27th  day of June, 2008, at Hartford, Connecticut.

>        / s /
> Alfred V. Covello
> United States District Judge